UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **THE TORO COMPANY,**<br>a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**TEXTRON, INC.,**<br>a Delaware Corporation,<br><br>**JACOBSEN, A TEXTRON COMPANY,**<br>a Division of Textron, Inc., and<br><br>**TEXTRON INNOVATIONS INC.,**<br>a Delaware Corporation,<br><br>        Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Comes now the Plaintiff, and for its Complaint against Defendants, states and alleges as follows:

## THE PARTIES

1. Plaintiff, The Toro Company, is incorporated in the State of Delaware, having a principal place of business at 8111 Lyndale Avenue South, Bloomington, MN 55420.

2. Upon information and belief, Defendant, Textron, Inc., is incorporated under the laws of the state of Delaware, having a principal place of business at 40 Westminster Street, Providence, RI 02903.

3. Upon information and belief, Defendant, Jacobsen, A Textron Company, is a division of Textron, Inc. with its principal place of business at 3800 Arco Corporate Drive, Suite 310, Charlotte, NC 28273.

4. Upon information and belief, Defendant, Textron Innovations Inc., is incorporated under the laws of the state of Delaware, having a principal place of business at 40 Westminster Street, Providence, RI 02903.

5. On July 9, 1996, United States Patent No. 5,533,325 (hereinafter "the '325 patent") entitled ALL WHEEL HYDRAULIC DRIVE SYSTEM was duly and legally issued to Plaintiff as assignee; and since that date Plaintiff has been, and still is, owner of all right, title and interest in the '325 patent. A copy of the '325 patent is attached hereto as Exhibit A.

6. On February 10, 1998, United States Patent No. 5,715,664 (hereinafter "the '664 patent") entitled ALL WHEEL HYDRAULIC DRIVE SYSTEM was duly and legally issued to Plaintiff as assignee; and since that date Plaintiff has been, and still is, owner of all right, title and interest in the '664 patent. A copy of the '664 patent is attached hereto as Exhibit B.

7. On July 12, 2005, Defendant Textron Innovations Inc., filed suit in Delaware Federal District Court alleging that Toro infringes United States Patent Nos. 6,047,530 (hereinafter "the '530 patent"), 6336,311 (hereinafter "the '311 patent") and 6,336,312 (hereinafter "the '312 patent"). A copy of the Complaint filed by Textron Innovations Inc. is attached hereto as Exhibit C.

## JURISDICTION AND VENUE

9. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §1, *et seq*.

10. This Court has subject matter jurisdiction over Plaintiff's patent infringement lawsuit under 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction over Plaintiff's declaratory judgment counterclaims under the Declaratory Judgment Act, Title 28,

United States Code, §§ 2201 *et seq.* and under the laws of the United States concerning actions relating to patents, 35 U.S.C. §§ 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

11.  This Court has personal jurisdiction over the Defendants by virtue of, *inter alia*, their continuous and systematic contacts with Minnesota.

12.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C § 1400(b).

## COUNT I - INFRINGEMENT OF U.S. PAT. NO. 5,533,325

13.  Plaintiff restates the allegations set forth in paragraphs 1-12 and incorporates them herein by reference.

14.  By virtue of its ownership of the '325 patent, Plaintiff has acquired and continues to maintain the right to sue on and the right to recover for infringement of the '325 patent.

15.  On information and belief, Defendant, Jacobsen, A Textron Company and Defendant, Textron, Inc., (herein after jointly "the Jacobsen Defendants") have directly infringed, contributed to the infringement of, and/or induced infringement of the '325 patent through the manufacture, use, sale, and offer for sale of its products, including its Groom Master II.

16.  Plaintiff has been damaged by the Jacobsen Defendants' infringement of the '325 patent and will continue to be damaged in the future unless the Jacobsen Defendants are permanently enjoined from infringing that patent, contributing to the infringement of that patent, and/or inducing the infringement of that patent by others.

17.  Upon information and belief, the Jacobsen Defendants have had actual knowledge of the '325 patent and, on information and belief, have had actual knowledge that the use,

manufacture, sale, and offer for sale of the above-identified products infringes that patent, contributes to the infringement of that patent and induces the infringement of that patent by others.

18. Upon information and belief, the Jacobsen Defendants' infringement of that patent is now and has been willful and will continue unless enjoined by the Court.

## COUNT II - INFRINGEMENT OF U.S. PAT. NO. 5,714,664

19. Plaintiff restates the allegations set forth in paragraphs 1-18 and incorporates them by reference.

20. By virtue of its ownership of the '664 patent, Plaintiff has acquired and continues to maintain the right to sue on and the right to recover for infringement of the '664 patent.

21. On information and belief, the Jacobsen Defendants have directly infringed, contributed to the infringement of, and induced infringement of the '664 patent through the manufacture, use, sale, and offer for sale of its products, including its Groom Master II.

22. Plaintiff has been damaged by the Jacobsen Defendants' infringement of that patent and will continue to be damaged in the future unless the Jacobsen Defendants are permanently enjoined from infringing that patent, contributing to the infringement of that patent, and/or inducing the infringement of that patent by others.

23. Upon information and belief, the Jacobsen Defendants have had actual knowledge of the '664 patent and, on information and belief, have had actual knowledge that the use, manufacture, sale, and offer for sale of the above-identified products infringes that patent, contributes to the infringement of that patent and induces the infringement of that patent by others.

24. Upon information and belief, the Jacobsen Defendants' infringement of said patent is now and has been willful and will continue unless enjoined by the Court.

## COUNT III - DECLARATORY JUDGMENT

25. Plaintiff restates the allegations set forth in paragraphs 1-24 and incorporates them herein by reference.

26. Defendant Textron Innovations Inc.'s legal assertions that the '530 patent, the '311 patent and the '312 patent are infringed by Plaintiff create an actual controversy within the meaning of 28 U.S.C. § 2201 between Defendant Textron Innovations Inc. and Plaintiff over the alleged infringement, validity, and unenforceability of the '530 patent, the '311 patent, and the '312 patent.

27. None of Plaintiff's products infringe any claim of the '530 patent, the '311 patent, or the '312 patent.

28. The '530 patent claims are invalid.

29. The '311 patent claims are invalid.

30. The '312 patent claims are invalid.

31. Plaintiff reserves the right to assert additional claims for a declaratory judgment of unenforceability of the '530 patent, the '311 patent, and the '312 patent following a reasonable opportunity for investigation. Plaintiff also reserves the right to assert additional claims for declaratory judgment should Defendants allege products infringe.

## COUNT IV - EQUITABLE ESTOPPEL

32. Plaintiff restates the allegations set forth in paragraphs 1-31 and incorporates them herein by reference.

33. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, Defendant Textron Innovations Inc.'s claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment that:

A. United States Patent No. 5,533,325 was duly and legally issued, is valid and enforceable;

B. United States Patent No. 5,715,664 was duly and legally issued, is valid and enforceable;

C. The Jacobsen Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of United States Patent No. 5,533,325;

D. The Jacobsen Defendants' infringement of one or more claims of United States Patent No. 5,533,325 was willful;

E. The Jacobsen Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of United States Patent No. 5,715,664;

F. The Jacobsen Defendants' infringement of one or more claims of United States Patent No. 5,715,664 was willful;

G. The Jacobsen Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further

infringing, contributing to the infringement, or inducing the infringement of United States Patent No. 5,533,325;

H.   The Jacobsen Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringing, contributing to the infringement, or inducing the infringement of United States Patent No. 5,715,664;

I.   An accounting be had and that Plaintiff be awarded damages arising out of the Jacobsen Defendants' infringement of United Sates Patent No. 5,533,325, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

J.   An accounting be had and that Plaintiff be awarded damages arising out of the Jacobsen Defendants' infringement of United Sates Patent No. 5,715,664, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

K.   The Jacobsen Defendants be preliminarily and permanently enjoined from continued use, importation, offer for sale, or sale of the Jacobsen Defendants' products used to infringe the patents-in-suit;

L.   The Complaint filed by Defendant Textron Innovations Inc. in United States District Court for the District of Delaware be dismissed with prejudice and judgment be entered for Plaintiff Toro on its declaratory judgment action;

M.   United States Patent Nos. 6,047,530, 6,336,311 and 6,336,312 be adjudged and decreed to be invalid and unenforceable;

N.  Plaintiff be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe any claim of United States Patent Nos. 6,047,530, 6,336,311 and 6,336,312;

O.  This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and that Plaintiff be awarded its costs and attorney's fees in pursuing this action; and

P.  Plaintiff be awarded such other and further relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: Aug. 15, 2005     By: *[signature]*
Earl D. Reiland, MN Reg. #90426
Thomas R. Johnson MN Reg. #242032
Thomas J. Leach MN Reg. #311844
MERCHANT & GOULD P.C.
3200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 332-5300

**ATTORNEYS FOR PLAINTIFF
THE TORO COMPANY**